## STARR *v.* PATTERSON.

*(Supreme Court, General Term, First Department.* October 24, 1890.)

1. EXECUTION—PROCEEDINGS TO STAY—MOTION.

An execution debtor may proceed by motion in the action in which the judgment against him was obtained for a perpetual stay of execution on the ground that defendant had been discharged from his debts in insolvency proceedings in the state where the cause of action arose and the parties resided; and, where such motion is resisted on the ground that the discharge was invalid by reason of the fraudulent omission of plaintiff's name from the schedule of creditors, the court may order a reference as to the facts.

2. APPEAL—WHEN PREMATURE.

Where a reference to ascertain the facts has been ordered on a motion by an execution debtor made in the action in which the judgment against him was recovered for a perpetual stay of execution, an appeal from the order of reference before the motion to stay execution has been decided is premature.

Appeal from special term, New York county.

Action by Charles F. Starr against Charles Gordon Patterson. Plaintiff appeals from an order directing reference to ascertain the facts respecting defendant's discharge in insolvency.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Merrill & Rogers,* (*Payson Merrill,* of counsel,) for appellant. *Lawton & New,* (*J. W. Lawton,* of counsel,) for respondent.

VAN BRUNT, P. J. The defendant made a motion for a perpetual stay of execution upon a judgment obtained in this action, upon the ground that he been discharged from his debts under the insolvency laws of Massachusetts, of which state both plaintiff and defendant were residents, and where the cause of action arose. This motion was resisted upon the ground that the Massachusetts discharge was invalid by reason of the fraudulent omission of the plaintiff's name from the defendant's schedule of creditors, and also upon the ground that, even if the evidence does not conclusively show such fact, it raises an issue on that point, which, by the well-settled practice of the courts of this state, will not be disposed of on a motion, but should be made the subject of an action. The authorities cited by the plaintiff to substantiate the latter proposition, certainly, not only do not establish such a practice as the one claimed, but put the plaintiff to his action. It is difficult to see how issues can be framed on a motion, or how a defendant can bring an action to establish the validity of his discharge.

This appeal is premature. The motion has not yet been decided, and unless the court was bound upon the papers before it to deny the defendant's motion, which is apparently conceded by the plaintiff it was not, it had the power to order proof to be taken as to the facts. The order appealed from should be affirmed, with $10 costs and disbursements. All concur.